IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JABBAR M. ABDUL,
A/K/A MUJAAHID ABD UL JABBAAR,**

    **Plaintiff,**

vs.                                             **Case No.: 4:22-cv-00368-MW-MAF**

**RICKY DIXON,
SEC'Y FLA. DEP'T OF CORR.,
et al.,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se,* initiated this civil rights case, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not submit a proper motion to proceed in forma pauperis and did not pay the application fee. See ECF No. 4. The Court screened the complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construed Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

The Court issued an order directing Plaintiff to show just cause why the case should not be dismissed as malicious or, alternatively, as duplicative of Case No. 4:21-cv-00153-MW-MJF, Abdul v. Inch, et al. ECF

No. 5. Plaintiff had until November 24, 2022, to respond. As of the date of the drafting of this Report, Plaintiff failed to file a proper IFP application, did not pay the filing fee, and failed to file a response to the Court's order.

The undersigned recommends that this case be dismissed without prejudice as malicious because Plaintiff affirmatively misrepresented his litigation history, this case is duplicative of an earlier-filed case, and Plaintiff failed to comply with court orders.

**I. Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-

36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of

reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff initiated this case on or about October 11, 2022, and sued one defendant, Ricky Dixon, Secretary for the Florida Department of Corrections (FDOC), solely in his official capacity. ECF No. 1. Plaintiff alleges that, while at Franklin Correctional Institution (Franklin C.I.), on multiple occasions, various prison officials ordered him or otherwise forced him to have his hair and beard cut "down to a zero," contrary to his sincerely held religious beliefs as a practicing Muslim and less than the prison's half-inch grooming policy permits. See id., generally. Plaintiff alleges this is a violation of his rights

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

established under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, (RLUIPA). Id. Plaintiff seeks declaratory relief finding the FDOC's half-inch beard and grooming policy unconstitutional, injunctive relief permitting Plaintiff to grow and maintain a fist-length beard, and the costs associated with this litigation. Id., p. 8.

Plaintiff's complaint is substantially similar to the required complaint form for use by prisoner plaintiffs filing Section 1983 actions. However, Plaintiff did not use the actual form. This is particularly relevant as it relates to the section requiring prisoner plaintiffs to completely disclose their federal litigation history. The required form provides the following warning:

> *This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

Plaintiff did not transfer this warning to his filed complaint. Yet, this does not eliminate the risk of dismissal for his failure to truthfully disclose his litigation history or the obligation to answer all the litigation questions, which are present on the proper form. At best, Plaintiff only listed two of the questions. To the question, "Have you filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case," Plaintiff answered "yes." However, Plaintiff did not "identify the case number,

parties, date filed, result (if not still pending), name of judge, and court for each case (if more than one)," which is required on the proper form. See ECF No. 1, p. 10. Also, Plaintiff rephrased another requisite question found on the proper form. Section VIII(C) asks:

> *Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement? . . . . If 'Yes,' identify all lawsuits, petitions, and appeals . . .*

Plaintiff typed instead: "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" ECF No. 1, p. 11. Plaintiff stated, "No." Id.

The proper form also contains a "Certification" section (Section IX(1)), which states:

> *I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.*

Plaintiff thoroughly eliminated this certification from his complaint. The only thing Plaintiff swears to under the penalty of perjury is that he gave the complaint to prison officials for mailing to the Court. ECF No. 1.

The complaint is insufficient, was not submitted on the proper form pursuant to N.D. Fla. Loc. R. 5.7(A). Still, Plaintiff is advised that if he cannot show just cause, his complaint may be dismissed for the following reasons.

Normally, the Court would grant Plaintiff leave to amend his prayer for relief. However, the Court could not overlook affirmative misrepresentations of Plaintiff's litigation history. The Court issued a show cause order directing Plaintiff to file a response showing good cause why this case should not be dismissed as duplicative or as malicious for making affirmative misrepresentations of his litigation history. Plaintiff did not do so.

### III. Plaintiff's Affirmative Misrepresentations

#### A. Plaintiff's Case is Duplicative of an Earlier-Filed Action, Case No. 4:21-cv-00153-MW-MJF, Abdul v. Inch, et al.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000). "It is well established 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" I. A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). Courts must consider the importance of "'(w)ise judicial administration, giving regard to conservation of judicial resources[,] and comprehensive disposition of litigation.'" Id. (quoting Colorado River, 424 U.S. at 817) (parenthesis in original)). "[T]he general rule is that a suit is duplicative of another suit if the parties, issues[,] and available relief do not significantly differ between the two actions." Id. When

confronted with duplicative actions, broad discretion is given to trial courts "in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending." Id.

It appears that the facts supporting Plaintiff's claims in the instant complaint are the same as those he pled in a previously filed action in this Court, which remains pending. In the earlier case, Plaintiff sued then-Secretary of the FDOC, Mark Inch, and Captain Hunter, a prison official at Franklin C.I. Plaintiff claimed violations of RLUIPA and the First Amendment alleging that Captain Hunter and Sergeant Morgan directed the barber to "shave [him] clean." Case No. 4:21-cv-00153-MW-MJF, ECF No. 1., p. 5. As relief, Plaintiff seeks injunctive relief to grow a fist-length beard in accordance with his religious tenets; the costs of litigation; $75,000 and $50,000 in punitive damages; $5,000 in nominal damages; $75,000 in compensatory damages; and disciplinary action against the warden and prison officials. Id., pp. 12, 15.

Both defendants were served in the case. Id., ECF Nos. 11, 12. Defendants motioned for a stay of the case given the pendency of Sims v. Inch, No. 19-13745, before the Eleventh Circuit Court of Appeals. Id., ECF No. 14. On November 29, 2021, the Court granted the stay. Id., ECF No. 18. It is important to note, that the Sims case remains pending. Monthly, the

Defendants file status reports in the case; the last status report was filed on December 1, 2022. Id., ECF No. 42.

On more than one occasion, the Court granted Plaintiff leave to amend his complaint. Id., ECF Nos. 22, 39. Most recently, Plaintiff filed a proposed supplemental complaint on October 11, 2022, the same day he initiated the instant case. Although the Court ordered that the proposed amended complaint not take effect, it granted Plaintiff leave to file an amended complaint by **November 23, 2022**; but he did not file one. ECF No. 39.

The effect of naming Ricky Dixon in the instant case is indistinct from the claims against Inch in the earlier case. Inch was not sued for any individual action but rather as secretary of the FDOC. Dixon, the current FDOC secretary, is also not sued for any individual action but as secretary of the agency. The difference between the two cases is that, in the instant case, Plaintiff alleges additional (and more recent) occurrences of the same violations. The earlier complaint seeks monetary damages. Because the claims, parties, and relief sought are essentially the same, the instant case is duplicative of the earlier-filed case.

B. <u>Affirmative Misrepresentations of Litigation History.</u>

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative

misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. Plaintiff is required to disclose his litigation history under the penalty of perjury.

As stated above, Plaintiff failed to disclose the case information about Case No. 4:21-cv-153-MW-MJF. ECF No. 1, p. 10. Plaintiff also stated that he had not filed other lawsuits relating to his conditions of confinement. Id., p. 11. The earlier-filed case is evidence that Plaintiff's statement is

inaccurate. The Court has authority to control and manage its caseload. *Plaintiff's pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff knew that accurate disclosure of his litigation history was required and dismissal of the instant action might result from any untruthful answers. Yet, Plaintiff failed to disclose his litigation history as required. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury,

is proper); Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

## IV.  Failure to Comply with Court Orders under Fed. R. Civ. P. 41(b).

The issues explained above were articulated in the Court's order directing Plaintiff to show cause. ECF No. 5. To date, Plaintiff did not file a response. Plaintiff also failed to comply with the Court's order directing him to file the proper IFP application or, alternatively, to pay the $402 filing fee by November 24, 2022. ECF No. 4. The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not

suffice." <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. <u>Gratton v. Great American Communications</u>, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed when Plaintiff has failed to comply with the Court's order directing him to show good cause why the case should not be dismissed as malicious and duplicative, particularly, when warned dismissal would be recommended.

**V.    Conclusion and Recommendation**

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because it is a duplicative filing and because Plaintiff made affirmative misrepresentations relating to his litigation history. Alternatively, the case should be dismissed for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. Finally, it is recommended the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**DONE AND ORDERED** this 2nd day of December, 2022.

                            s/ Martin A. Fitzpatrick
                            **MARTIN A. FITZPATRICK**
                            **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).